IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LILIBETH ROLON-LABOY
AIDA E. LOPEZ
BRENDA LIZ MELENDEZ-RIVERA
Plaintiffs

vs

LUIS A. COLLAZO-RIVERA, Mayor of the Municipality of Toa Alta;
THE MUNICIPALITY OF TOA ALTA;
X, Y, Z
Defendants

CIVIL 06-1012CCC

# O R D E R

The Court has before it a Motion for Entry of Default Against Mayor Luis A. Collazo-Rivera filed on October 20, 2006 (**docket entry 23**). The Municipality of Toa Alta and the Mayor filed their Objection on November 15, 2006 (docket entry 24) wherein it is stated that the Mayor answered the complaint in the official capacity, referring to docket entry 4, and that he has not been served in his personal capacity. The Court has authorized the filing of plaintiffs' Reply tendered on November 16, 2006 raising, among other matters, that when the Court ordered the Mayor to answer the complaint within the final term of ten days after notice (see docket entry 21) on September 28, 2006, it did not distinguish between his personal and official capacity. The fact is that the September 28, 2006 order was addressed to Luis A. Collazo-Rivera, Mayor of the Municipality of Toa Alta, and as such, it must be inferred that his answer would be in his official capacity. The reason for issuing this order was because the answer to the complaint was filed only by the Municipality of Toa Alta. In order to clarify the record the Court ordered that he file a separate answer as Mayor. The Mayor insists in his objection to entry of default (see docket entry 24) that the answer to the complaint (docket entry 4) was filed on behalf of the Municipality of Toa Alta and in his official capacity as Mayor.

CIVIL 06-1012CCC                                         2

We have re-examined the answer to the complaint (docket entry 4) and observed that although only the Municipality of Toa Alta appears as the co-defendant named in the introductory sentence, that answer repeatedly refers to the defendant**s** in the plural.  Upon revisiting the issue, we deem it unnecessary to file a separate answer for the sole purpose of having the Mayor's name appear in the first sentence and deem the answer filed on March 10, 2006 (docket entry 4) as that of both the Municipality of Toa Alta and its Mayor Luis A. Collazo-Rivera, obviously in his official capacity.

A wholly separate matter is the complaint against Luis A. Collazo-Rivera in his personal capacity.  There is no summons to Luis A. Collazo-Rivera in his personal capacity returned executed.  All there is on record is an untranslated document in Spanish attached as Exhibit 3 to plaintiffs' Response to Motion to Set Aside Default (docket entry 17).  The fact that this document has not been translated does not allow for its condideration by the Court.  In any event, that affirmation by process server Soto Aponte does not support the claim that he served defendant Collazo-Rivera in his personal capacity.  The representation of the process server is that one Dimaris Rodríguez represented that she was authorized to receive summons for the Municipality and the Mayor.  There is no proof that she is authorized to receive service of process on behalf of defendant Collazo-Rivera in his personal capacity.  As to the latter, the untranslated declaration of the server does not comply with the requirements of Federal Rules of Civil Procedure 4e(2) nor does it substitute for the return of service in his personal capacity.

Accordingly, the Motion to Enter Default (**docket entry 23**) is DENIED since the Court has accepted docket entry 4 as the answer of both the Municipality of Toa Alta and the Mayor in his official capacity and has further concluded that he has not been served in his personal capacity.

This case was filed on January 4, 2006 and, although paragraph five (5) of the complaint states that defendant Collazo-Rivera is sued in both capacities, as of this date there is only proof of service in his official capacity, which means that the term of 120 days after the filing of the

CIVIL 06-1012CCC                                           3

complaint for service of summons and complaint in his personal capacity has long expired. Accordingly, plaintiffs are ORDERED to serve defendant Luis A. Collazo-Rivera in his personal capacity no later than January 18, 2007. Failure to do so will result in dismissal with prejudice of any claim against him in his personal capacity included in the complaint.

    SO ORDERED.

    At San Juan, Puerto Rico, on December 19, 2006.

                                                    S/CARMEN CONSUELO CEREZO
                                                   United States District Judge